UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MARK TOLBERT,**

    **Petitioner,**

    v.

**COOPERATIVA DE SEGUROS MÚLTIPLES DE PUERTO RICO,**

    **Respondent.**

Misc. No. 24-0007 (ADC)

## OPINION AND ORDER

**I.**     **Introduction**

Pending before the Court is Cooperativa de Seguros Múltiples de Puerto Rico's ("respondent") motion to set aside judgment pursuant to Fed. R. Civ. P. 60(b)(4), **ECF No. 40**.[1] Respondent seeks to set aside the judgment entered on April 1, 2025, pursuant to this Court's Opinion and Order of March 25, 2025, where the Court granted petitioner Mark Tolbert's ("petitioner" or "Mr. Tolbert") motion to confirm an insurance appraisal award pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16. The Court also granted petitioner an additional award of $147,412.28 in reasonable attorney's fees pursuant to Article 27.165 of Puerto Rico Act No. 247-2018, P.R. Laws Ann. t. 26, § 2716(e) ("Act 247-2018"). *See* **ECF Nos. 37** and **39**.

---

[1] Also pending before this Court is petitioner's motion to alter judgment pursuant to Fed. R. Civ. 59(e), **ECF No. 45,** which the Court will address in a separate order.

Respondent argues that the judgment must be set aside in part[2] because the Court lacked jurisdiction to award attorney's fees under Article 27.165. According to the motion, petitioner failed to file a pre-suit suit notice in a local administrative agency and wait a statutory 60-day cure period before filing suit, requirements which the Puerto Rico Supreme Court ("PRSC") recently construed as "jurisdictional" and necessary in a case involving a request for an award of attorney's fees under Article 27.165. **ECF No. 40**. Petitioner opposed, arguing, in essence, that the PRSC decisions are wrong, that this Court's reasoning is right, and that, in the alternative, attorney's fees are nonetheless warranted under Puerto Rico Rule of Civil Procedure 44.1(d) because of respondent's obstinate behavior. **ECF No. 48**.

As explained below, this Court's previous reasoning comports with a textual interpretation of the relevant provisions of Act 247-2018, and it is easily harmonized with the PRSC's recent case law on Article 27.165. In any case, regardless of whether Puerto Rico law classifies the pre-suit requirements as jurisdictional, this characterization does not dictate this Court's subject-matter jurisdiction. Respondent's belated attempt to raise an argument based on the pre-suit requirements does not affect the validity of the judgment entered by the Court. Accordingly, respondent's motion to set aside the judgment as void at **ECF No. 40** is **DENIED**.[3]

---

[2] Respondent does not contest the Court's confirmation of the appraisal award, and its arguments do not touch or concern the propriety of that decision.

[3] Because the Court finds no reason to set aside or revise the judgment, it declines petitioner's request to re-style its award of attorney's fees as one under Rule 44.1 of the Puerto Rico Rules of Civil Procedure, P.R. Laws Ann. t. 32, app. V, R. 44.1(d).

II.     **Relevant Procedural Background**

On January 9, 2024, petitioner filed a motion for confirmation of an insurance appraisal award ("confirmation proceedings") under section 9 of the Federal Arbitration Act, 9 U.S.C. § 9. **ECF No. 1**. The award was issued in petitioner's favor by an arbitrator pursuant to an appraisal proceeding provided for by Puerto Rico law. *See* Act No. 242-2018, P.R. Laws Ann. t. 26, §§ 1115 *et seq.* ("Act 242-2018"). The arbitrator found that petitioner had suffered $589,649.10 in property damages as a result of Hurricane María. *Id*. Petitioner requested confirmation of the appraisal award and, in addition, that the Court order respondent to pay him legal costs and attorney's fees associated with the proceeding. *Id*.

Respondent moved to stay the confirmation proceedings given the pendency of its motion to vacate the award ("vacatur proceedings") then pending before a sister District Court. **ECF No. 3**; *see Cooperativa de Seguros Múltiples de Puerto Rico v. Floridian Public Adjusters, LLC, et al.*, Civ. No. 23-1615 (JAG) (D.P.R.). However, on January 26, 2024, respondent moved to dismiss the vacatur proceedings. Eventually, respondent withdrew its motion to stay the confirmation proceedings and deposited the amount of the award with this Court. **ECF Nos. 5** and **8**. Respondent did not move to oppose petitioner's request for confirmation of the award. It did, however, challenge petitioner's request for attorney's fees, claiming that petitioner was not a "prevailing party." *Id.* The parties filed additional briefs on petitioner's request for attorney's fees. **ECF Nos. 10, 23, 27, 28, 33, 34, 35**. At no point during the confirmation proceedings did

respondent argue that the Court lacked subject-matter jurisdiction or was otherwise legally precluded from awarding attorney's fees pursuant to Act 247-2018.

On March 25, 2025, the Court entered its Opinion and Order granting petitioner's motion for confirmation of the award. *Tolbert v. Cooperativa De Seguros Múltiples De Puerto Rico*, Misc. No. 24-00007 (ADC), 2025 WL 900927 (D.P.R. Mar. 25, 2025), **ECF No. 37**. The Court entered Judgment on April 1, 2025. **ECF No. 39**. On April 7, 2025, respondent filed its motion for partial relief of judgment pursuant to Fed. R. Civ. P. 60(b)(4). **ECF No. 40**. In it, respondent does not challenge the reasonableness of the amount of attorney's fees awarded or their calculation. Instead, respondent moves for relief simply because the portion of the judgment awarding attorney's fees is "void." *Id.*, at 3-4. Specifically, according to respondent's interpretation of two PRSC opinions, *infra*, because "this Court lacks jurisdiction to entertain and award the attorney's fees in question." *Id.*, at 1, 5. On April 28, 2025, petitioner filed his response, arguing that the Court's reasoning is consistent with Act 247-2018's legislative intent and is further supported by a proposed bill pending at the Puerto Rico Legislature clarifying Act 247-2018. **ECF No. 48**.

III. **Legal Standard**

"As a general matter, Rule 60(b) . . . seeks to balance the importance of finality against the desirability of resolving disputes on the merits." *Farm Credit Bank of Baltimore v. Ferrera-Goitia*, 316 F.3d 62, 66 (1st Cir. 2003). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" specific, enumerated reasons, including if "the judgment is void" or for "any other reason that justifies relief." Fed.

R. Civ. P. 60(b)(4), (6). The fate of a motion under Rule 60(b) is committed to the sound discretion of the district court. *See Dávila-Álvarez v. Escuela de Medicina Universidad Central del Caribe*, 257 F.3d 58, 63 (1st Cir. 2001); *see also Santos-Santos v. Torres-Centeno*, 842 F.3d 163, 169 (1st Cir. 2016) ("The trial judge has wide discretion in this arena, and we will not meddle unless we are persuaded that some exceptional justification exists." (internal quotation marks omitted)). Generally, Rule 60(b) motions should be granted sparingly, and any grant or denial of the same should be viewed with great deference on appeal. *See Keane v. HSBC Bank USA for Ellington,* 874 F.3d 763, 765 (1st Cir. 2017).

## IV.   Discussion

The gravamen of respondent's motion is the Court's award of attorney's fees pursuant to Article 27.165 of Act 247-2018, P.R. Laws Ann. t. 26, § 2716e.[4] That statutory provision provides:

> (1) When a judgment or decree is rendered by any court against an insurer, and in favor of any named insured or the beneficiary designated in the insurance policy or contract executed by the insurer, the Court of First Instance, or in the case of an appeal where the insured or beneficiary are favored, the appeals court shall determine a reasonable amount of fees or compensation to be adjudicated or ordered against the insurer and in favor of the insured or his counsel for the prosecution of the action for which a remedy was granted.
>
> (2) Regarding complaints based on claims under a life insurance policy or annuity contract, said allowed attorney's fees shall not be applied if such complaint has

---

[4] An official translation of Act 247-2018, included as an appendix to this Opinion and Order, uses the term "Section" instead of "Article" throughout the Act and is missing the Arabic numeral "(1)" before the beginning of the first sub-article of Article 27.164. But the original Spanish-language version of Act 247-2018 created new "Articles," not "Sections," to be added to the Insurance Code of Puerto Rico, and the Act itself is divided into six "Sections," the first two of which enact the new "Articles" 27.164 and 27.165. Once codified in the Commonwealth's official statutory compilation, the "Articles" become "Sections" within the particular tome in the compilation. For purposes of this Opinion and Order, the Court will refer to the Act's "Articles" rather than "Sections."

been filed before the expiration of the sixty (60)-day time period for duly filing the evidence for the claim with the insurer.

(3) When awarded, the compensation or attorney's fees shall be included in any judgment or decree rendered in the action.

P.R. Laws Ann. t. 26, § 2716e. Respondent candidly acknowledges that a "fair reading of Article 27.165 . . . can be construed as creating a free-standing attorney's fees provision available in all cases in which a judgment or decree is rendered by any court against an insurer. . . ." *Id.*, at 2. That is, in essence, the conclusion that this Court reached in its Opinion and Order. *See* **ECF No. 37** at 20-21. However, respondent contends that such an award is "only available when the insured has made the notice required by Article 27.164 to the Office of the Insurance Commissioner and the insurer . . . fail[s] to [cure any deficiency or breach] [with]in sixty (60) days. . . ." *Id.*, at 3. Since petitioner did not meet this "jurisdictional requisite before submitting the matter to the Court[,]" respondent posits the Court "lacks jurisdiction to award attorney's fees" as it did in its Opinion and Order. *Id.*, at 3. Respondent's previously unasserted legal theory is based on a reading of the PRSC's opinions in *Owner's Council of Playa Azul II Condominium v. MAPFRE PRAICO Insurance Company*, 2024 PRSC 140, 215 P.R. Dec. ___, (P.R. 2024) ("*Playa Azul*") (certified translation at **ECF No. 46-1**), and 76 *Kings Court Condominium v. MAPFRE PRAICO Insurance Company*, 208 P.R. Dec. 1018 (P.R. 2022) ("*76 Kings Court*") (certified translation at **ECF No. 46-2**).[5]

---

[5] Instead of harmonizing the Court's Opinion and Order with the reasoning behind the PRSC's opinions or distinguishing these decisions from the particularities of his case, petitioner resorts to arguing that the PRSC simply got it wrong on the law and that this Court got it right. *See* **ECF No. 48** at 2-3 (agreeing "with this Court's

In sum, respondent argues that an attorney's fees award pursuant to Article 27.165 necessitates exhaustion of Article 27.164's pre-suit requirements as jurisdictional matter, regardless of what the underlying cause of action is. Because petitioner did not comply with the Article 27.164 pre-suit notice requirement before initiating the confirmation proceeding, it did not afford respondent the benefit of the statute's cure period. Thus, respondent moves for relief of judgment on lack of jurisdiction grounds.

### A. Whether Article 27.165 incorporates Article 27.164's jurisdictional requirements.

#### 1. The text of the statutes.

The Court recalls that "[s]tatutory construction in Puerto Rico begins with the text of the underlying statute, and ends there as well if the text is unambiguous." *In re Plaza Resort at Palmas, Inc.*, 741 F.3d 269, 274 (1st Cir. 2014). As discussed more carefully in this Court's Opinion and Order, Act 247-2018 added two separate articles to the Insurance Code. **ECF No. 37** at 20. First, Section 1 of Act 247-2018 enacted Article 27.164, which mints a private cause of action for damages available to the insured when an insurer engages in certain bad faith acts or in violations of specific sections of the Insurance Code. P.R. Laws Ann. t. 26, § 2716d. Article 27.164 provides detailed and specific requirements for processing and adjudicating such actions,

---

interpretation and application of Article 27.165 . . . to support its conclusion that [p]etitioner is entitled to attorney's fees . . . because the *Playa Azul* decision was not rendered in accordance with the intent of Act 247-2018[.]"). This argument merits little consideration. It is axiomatic that "[w]hen sitting in diversity, [a federal court's] objective is solely to determine what is the law as indicated by the Commonwealth's authoritative sources, and we are absolutely bound by a current interpretation of that law formulated by the Commonwealth's highest tribunal." *Alejandro-Ortiz v. Puerto Rico Elec. Power Auth. (PREPA)*, 756 F.3d 23, 27 (1st Cir. 2014) (citations modified). If there is any ground on which this Court can stand to ignore or contradict the PRSC's interpretation of Puerto Rico law, it is not present here.

including a list of permissible bases for a claim (Art. 27.164(1), P.R. Laws Ann. t. 26, § 2716d(1)), a pre-suit written notice requirement and cure period (Art. 27.164(3), P.R. Laws Ann. t. 26, § 2716d(3)), a tolling provision (Art. 27.164(3)(e), P.R. Laws Ann. t. 26, § 2716d(3)(e)), and specific conditions for the award of punitive damages (Art. 27.164(5), P.R. Laws Ann. t. 26, § 2716d(5)). Most relevant to the matter at hand, located between the latter two requirements, the statute provides that "[u]pon adverse adjudication at trial or upon appeal, the authorized insurer shall be liable for damages, together with court costs and reasonable attorney's fees incurred by the plaintiff." Art. 27.164(4); P.R. Laws Ann. t. 26, § 2716d(4).

On the other hand, Section 2 of Act No. 247-2018 separately established Article 27.165, a free-standing mandatory attorney's fees provision. P.R. Laws Ann. t. 26, § 2716e. Article 27.165(1) commands that courts shall determine a "reasonable amount . . . to be adjudicated or ordered against the insurer and in favor of the insured or his counsel . . ." when "any court" renders a "judgment or decree . . . against an insurer, and in favor of any named insured . . . ." *Id.*, § 2716e(1).[6] This provision makes no reference to any portion of Article 27.164 or to any specific article or section of the Insurance Code, it is located outside of the detailed scheme the Legislature created in Article 27.164 for private causes of action allowed thereunder, and contrary to Article 27.164's attorney's fees provision, it contains no indication of being subject to

---

[6] Notably, the statute does not require that the party move the Court for the issuance of such award. P.R. Laws Ann. t. 26, § 2716e(1).

any pre-suite notice requirement or cure period. **ECF No. 37** at 20-21.[7] In fact, as a matter of text, it imposes no other requirement that the judgment be in favor of an insured and against an insurer. It is pellucid that Article 27.165 does not explicitly incorporate any portion of Article 27.164, much less its jurisdictional pre-suit notice requirement.

In addition to the textual differences between Articles 27.164 and 27.165, the former contains an important clause in the end that recognizes that its remedies do not "preempt any other remedy or cause of action" available to the insured under "the laws of Puerto Rico or the applicable Federal laws." P.R. Laws Ann. t. 26, § 2716d(6). The Court reads this as a recognition that an insured can obtain a judgment against an insurer under other causes of action that do not implicate Article 27.164, its jurisdictional requirements, or its attorney's fees provision.[8] And in such non-Article 27.164 cases, the insured is entitled to attorney's fees via Article 27.165.

In light of the plain text of these statutory provisions, the Court disagrees with respondent that Article 27.165 *sub silentio* adopts the pre-suit notice requirement of Article 27.164. The statutory interpretation of Act 247-2018 implicit in respondent's argument would subordinate any award of attorney's fees under Article 27.165 to the detailed requirements of an Article

---

[7] These distinctions are not unreasonable. The enactment of Act 247-2018 *per se* puts insurance companies on notice that a judgment against it, under certain circumstances, will include a mandatory award of attorney's fees. Moreover, if the cause of action underlying a judgment does not require a pre-suit cure period, it is difficult to understand why a general attorney's fees provision would.

[8] Respondent itself seems to recognize this as a possibility. In its motion, it perfunctorily suggests that the partial judgment reviewed by the PRSC in *Playa Azul* was "not necessarily" entered in connection with plaintiff's Article 27.164 claims—but maintains that "notification was [still] required to vest the Court with jurisdiction to award attorney's fees under Article 27.165." **ECF No. 40** at 4.

27.164 cause of action. That would make Article 27.165 a mere accessory to Article 27.164 regardless of whether the cause of action underlying the judgment arises from Article 27.164. But Article 27.165 does not contain an explicit jurisdictional requirement and does not "speak in jurisdictional terms or refer in any way to the jurisdiction of the . . . courts." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982).[9] The Court cannot find any support in the text and structure of Act 247-2018 for respondent's interpretation. As per the statutory text, Article 27.165 is free-standing and does not depend on Article 27.164 for its applicability or enforceability.

### 2. The PRSC's opinions in *Playa Azul II* and *Kings Court 76.*

Even though the above statutory analysis suffices to dispose of respondent's motion, respondent's argument relies not on the text of the statutes, but rather on PRSC case law. To wit, respondent's interpretation of Article 27.165 is premised principally on two recent opinions from the PRSC, *Playa Azul II* and *Kings Court 76*. However, the Court reads these opinions differently than respondent does. Upon close inspection, neither supports the contention that the pre-suit notice and cure period are jurisdictional requirements for an Article 27.165 award of attorney's fees in actions that do not implicate an Article 27.164 cause of action.

The PRSC's opinion in *Kings Court 76* only marginally touches upon Article 27.165, focusing rather on whether Article 27.164's pre-suit notice requirement and cure period are jurisdictional prerequisites for the filing of a claim under that provision. There, the insured filed

---

[9] As a matter of fact, the Court cannot find a single argument in respondent's motion suggesting that the text of Article 27.165 contains any indicia of a jurisdictional requirement.

suit for payment and for contractual damages under an insurance policy pursuant to the Puerto Rico Civil Code. **ECF No. 46-2** at 1. The complaint also included "a claim for damages and attorney's fees under [Articles] 27.164 and 27.165 of the Insurance Code." *Id*., at 1-2. No judgment in favor of the insured had been entered yet when the trial court dismissed the Insurance Code claims. The insured appealed to the intermediate appellate court, which confirmed the trial court's dismissal on jurisdictional grounds. The appellate court determined that Article 27.164(3) contained jurisdictional pre-suit notice and cure period requirements that must be exhausted. *Id*., at 2. The PRSC took up the insured's appeal and held that the insured:

> [W]as not entitled to file the cause of action for damages and attorney's fees under the Insurance Code. Notably, **such cause of action** is available only if, given a final opportunity, the insurer elects not to cure a properly noticed claim. . . . Clearly, a **civil action** filed before the expiration of the aforementioned term limits the insured's right to cure the alleged violation and avoid an additional **claim for damages** . . . it also deprives the court of authority to entertain the **claim**, since **the cause of action** was never constituted.
>
> Accordingly, we conclude that the claims asserted by [plaintiff] under the Insurance Code should be dismissed as untimely. Indeed, the Court of Appeals correctly ruled that there was no subject matter jurisdiction over such claims.

*Id*., at 10 (emphasis added).

Notably, in its analysis of Act 247-2018, the PRSC recited the text of Article 27.164 and off-handedly concluded that "[i]f the insured prevails in the claim filed under [Article] 27.164 of the Insurance Code . . . the insured shall be entitled to obtain a reasonable amount for attorney's fees. This right is set forth in [Arts.] 27.164(4) **and 27.165** of the Insurance Code. . . ." **ECF No. 46-2** at 6 (emphasis added). The PRSC did not separately examine, analyze, or otherwise consider

the text of Article 27.165, much less its differences with Article 27.164(4) or its possible application to the insured's non-Article 27.164 causes of action. And for this reason, the Court considers its treatment of the right of the insured to claim attorney's fees under both statutory provisions to be *dicta*. *Kings Court 76* stands for the unremarkable proposition that if attorney's fees under Article 27.165 are sought in relation to an Article 27.164 claim, its jurisdictional requirements must be met. After all, if there is no valid Article 27.164 claim, there cannot be an award of attorney's fees on that claim. But *Kings Court 76* does not address what the Court has before it here: a judgment in favor of the insured and against the insurer based on a non-Article 27.164 claim.

Respondent relies more heavily on the PRSC's more recent opinion in *Playa Azul*, which, according to respondent, applies the reasoning of *Kings Court 76* and Article 27.164's jurisdictional requirements to "any" Article 27.165 request for attorney's fees. **ECF No. 40** at 4-5. In *Playa Azul*, the PRSC considered, among other things, whether a lower court had erred in denying an award of attorney's fees after the insured plaintiff obtained partial judgment in its favor. On appeal to the PRSC, the insurer argued that the insured had "failed to comply with the terms of prior notice provided in [Art.] 27.164 . . . so that pursuant to [*76 Kings Court*] . . . attorney's fees were improper under Art. 27.165." **ECF No. 46-1** at 21. The PRSC accepted the insurer's position and ruled against the insured:

> As it appears from the record, on September 19, 2019, [plaintiff] served [defendant] and the . . . Commissioner of Insurance with a Form of Notice Prior to Filing a Civil Action **Pursuant to Art. 27.164**. . . . This happened on the same date that the

> Complaint was filed against [defendant], where **it alleged as a third cause of action "Violation of the Insurance Code" and requested relief under Sec. 27.164**.
>
> [Plaintiff]'s actions deprived the courts of the authority to award attorney's fees under [Art.] 27.165 . . . by filing the claim on the same day it filed the notice, [plaintiff] disregarded the clear guidelines provided by Act No. 247-2018 . . . and deprived the insurer of the opportunity to cure the notified **claims** and avoid **additional claim[s] for damages**.

**ECF No. 46-1** at 21-22 (emphasis added).

This holding would, on its face, seem to favor respondent, but, as in *King's Court 76*, the devil is in the details. According to the PRSC's opinion, the insured in *Playa Azul* asserted several claims against its insurer, including "violations of the Insurance Code" pursuant to Article 27.164. **ECF No. 46-1** at 4. In its original complaint, the insured specifically reserved the right to amend or include additional claims with regards to, *inter alia*, the "**adjustment . . . as provided for in [Article 27.164]**." *Id.*, at n.3 (emphasis added). In a later-filed amended complaint, the insured requested payment of the net amount resulting from the "adjustment" the insurer ended up performing, and eventually, it moved for partial summary on that claim. *Id.*, at 5. The lower court granted partial summary judgment on the Article 27.164 "adjustment" claims, and the dispute that the PRSC resolved was whether the insured was entitled to Article 27.165 attorney's fees based on the partial judgment granting its Article 27.164 "adjustment" claim.[10]

---

[10] Therefore, contrary to respondent's suggestions (**ECF No. 40** at 4), the request for attorney's fees in *Playa Azul* was directly related to Article 27.164 claims. Indeed, throughout its opinion, the PRSC always deemed the "adjustment" claim as part of the plaintiff's Article 27.164 claims. *See* **ECF No. 46-1** at n.6, 18, 21-22.

Like in *Kings Court 76*, the PRSC's denial of Article 27.165 attorney's fees in *Playa Azul* was prompted by the dismissal of the insured's Article 27.164 claims.[11] Again, the court could not award Article 27.165 attorney's fees because the Article 27.164 claim, upon which the partial judgment was issued, was jurisdictionally barred. That conclusion is as unremarkable in *Playa Azul* as it was in *Kings Court 76*. And similarly, the PRSC made no pronouncement in *Playa Azul* on the availability of an Article 27.165 attorney's fees award on non-Article 27.164 claims or cases, such as contract claims or, as relevant here, the judicial confirmation of an appraisal conducted under Act 242-2018.

Neither *Kings Court 76* nor *Playa Azul* discuss a potential Article 27.165 award of attorney's fees for claims or causes of actions premised on non-Article 27.164 grounds. The Court fails to see any reasonable reading of these opinions that would suggest that the PRSC would require the exhaustion of Article 27.164 requirements before awarding Article 27.165 relief if the judgment in favor of the insured is based on a claim or cause of action other than Article 27.164. Since the case before this Court arises out of a non-Article 27.164 insurance claim (*i.e.*, confirmation of an Act 242-2018 insurance appraisal award), neither opinion controls the outcome of this case. *See Carrasquillo-Serrano v. Municipality of Canóvanas*, 991 F.3d 32, 40 (1st Cir. 2021) ("Because in regard to law-determination, Puerto Rico is the functional equivalent of a

---

[11] Since the nature and calculation of attorney's fees under Article 27.164's self-contained provision (*i.e.* the fees "incurred" by plaintiff's counsel) and Article 27.165's are different, the Court does not think it unreasonable for the insured in *Kings Court 76* and *Playa Azul* to seek both. In any event, the Puerto Rico Rules of Civil Procedure allow for the request of alternative reliefs even if seemingly incompatible with one another. *See* P.R. R. Civ. P. 6.1., P.R. Laws Ann. t. 32, app. V, R. 6.1.

state, an on-point decision of the Puerto Rico Supreme Court normally will control." (quoting *González Figueroa v. J.C. Penney P.R., Inc.*, 568 F.3d 313, 318 (1st Cir. 2009)). Accordingly, the Court finds that neither *Playa Azul* nor *Kings Court 76* supplies the rule of decision in this case, as neither is an on-point authority.

### B. Whether respondent's challenge to the Judgment implicates the Court's subject-matter jurisdiction.

The Court has taken respondent's challenge on its face, weighed it, measured it, and found it wanting. However, the Court is nonetheless compelled to explain that, even if respondent's interpretation of PRSC case law were correct and an Article 27.165 award necessitated prior compliance with Article 27.164's jurisdictional requirements, its judgment would still stand. That is because Puerto Rico law cannot enlarge or constrain a federal court's subject-matter jurisdiction, and respondent's challenge would have to be treated not as an attack on the Court's jurisdiction, but rather as a challenge to the sufficiency of the claim, which is waivable if not raised prior to the entry of judgment.

#### 1. Puerto Rico law cannot divest this Court of subject-matter jurisdiction.

There is no challenge to the fact that this case was properly taken under this Court's federal diversity jurisdiction. **ECF No. 1**; 28 U.S.C. § 1332(a)(1); *see Badgerow v. Walters*, 596 U.S. 1, 9 (2022). And it is black letter law that "[j]urisdiction . . . cannot be defeated by the extraterritorial operation of a [state] statute . . . even though it created the right of action." *Emigrant Mortg. Co., Inc. v. Bourke*, 127 F.4th 385, 389 (1st Cir. 2025) (quoting *Marshall v. Marshall*, 547 U.S. 293 (2006)). Specifically relevant here, the First Circuit has held that Puerto Rico's

Insurance Code's dispositions "do[] nothing to affect that grant of jurisdictional authority." *MRCo, Inc. v. Juarbe-Jiménez*, 521 F.3d 88, 96 (1st Cir. 2008). Thus, petitioner's failure to exhaust Article 27.164's requirements (which he did not need to do for non-Article 27.164 claims) did not divest this Court of jurisdiction. The judgment is not void, and respondent's Fed. R. Civ. P. 60(b)(4) motion could also be denied for that reason. *See Lubben v. Sel. Serv. System Loc. Bd. No. 27*, 453 F.2d 645, 649 (1st Cir. 1972) ("A void judgment is to be distinguished from an erroneous one...."); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) ("a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. . . . The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule.").

### 2. Respondent waived any defense based on lack of compliance with Article 27.164's pre-suit requirements.

If anything, petitioner's failure to exhaust Article 27.164 pre-suit notice and cure period requirements would have affected the sufficiency of petitioner's request for an award of attorney's fees (a run-of-the-mill Fed. R. Civ. P. 12(b)(6) challenge), not this Court's jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See MRCo, Inc. v. Juarbe-Jiménez*, 521 F.3d at 96 (holding that even though the Puerto Rico Insurance Code does not affect this Court's jurisdiction, "[w]hether there remains a viable cause of action is another matter."). This conceptual distinction, in other contexts referenced as a "subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy," can be explained as the erroneous conflation of subject-matter jurisdiction "with . . . a merits—

related determination." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) (citations modified). Notably, a challenge to the merits or, said differently, petitioner's entitlement to Article 27.165 relief, falls outside the scope of respondent's Rule 60(b)(4) motion.

For the sake of completeness, even if the Court entertained respondent's motion as a motion to amend or alter judgment pursuant to Fed. R. Civ. P. 59(e)—a petition not before this Court—it would still fail. Respondent does not rely on any newly discovered evidence, there was no intervening change in the law after the Judgment was issued, and as explained above, the Court did not commit a clear or manifest error of law in its Opinion and Order. *See Markel Am. Ins. Co. v. Díaz-Santiago*, 674 F.3d 21, 32 (1st Cir. 2012) (restating Rule 59(e) factors). But moreover, respondent waived any failure to exhaust defense or any argument to the effect that petitioner failed to state a claim for relief. It is beyond dispute that, unlike a lack of subject-matter challenge under Fed. R. Civ. P. 12(b)(1), a failure to exhaust defense pursuant to Fed. R. Civ. P. 12(b)(6) is waivable. *See* Fed. R. Civ. P. 12(g)-(h).

Finally, the Court notes that both opinions upon which respondent relies were issued before this Court entered judgment. The most recent one, *Playa Azul*, was issued three months before this Court entered its Opinion and Order at **ECF No. 37**.[12] And yet, respondent raised its failure to exhaust defense after judgment was entered. **ECF No. 40**. Accordingly, the grounds for

---

[12] Regardless of the date in which the opinion in *Playa Azul* was published, the opinion itself relies explicitly on *76 Kings Court,* which was published in 2022. *See* **ECF No. 46-1** at 18 (quoting *76 Kings Court,* **ECF No. 46-2**) (emphasis added).

relief of judgment raised by respondent were available years before these proceedings began or at least several months before this Court entered a ruling on the merits and judgment.

**V.    Conclusion**

While respondent's motion ultimately fails, it has provided the Court an opportunity to clarify the peculiar circumstances of this case. This is not a typical property insurance case where an unhappy plaintiff seeks to be compensated by its insurance company under a policy. This is a petition to confirm an appraisal award issued by an arbitrator pursuant to a procedure provided by a Puerto Rico statute. Because the petitioner prevailed in this proceeding, a separate Puerto Rico statute entitles him to an award of reasonable attorney's fees. And while this separate statute is usually invoked in conjunction with another which does have jurisdictional pre-requisites, therefore implying their application by association, nothing in the statute's text or structure, or in the PRSC's recent case law, compels the application of such jurisdictional requirement in all types of insurance-related cases—certainly not this one.

For this reason and those stated above, the Court **DENIES** respondent's motion for relief of judgment at **ECF No. 40.**

**SO ORDERED**.

At San Juan, Puerto Rico, on this 9th day of July, 2025.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**