UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARK TOLBERT,

   Petitioner,

v.

COOPERATIVA DE SEGUROS
MULTIPLES DE PUERTO RICO,

   Respondent.

Misc. No. 24-0007 (ADC)

## OPINION AND ORDER

Pending before the Court is Mark Tolbert's ("petitioner") motion to amend or alter judgment Fed. R. Civ. P. 59(e).

For the following reasons respondent's motion at **ECF No. 45** is **GRANTED IN PART, DENIED IN PART**.

### I.   Background

On March 25, 2025, the Court entered an Opinion and Order granting petitioner's motion for confirmation of an appraisal award rendered under the Puerto Rico Insurance Code.[1] *See* **ECF No. 37**. Specifically, the Court entertained the motion for confirmation of an appraisal award of $589,649.10 for property damages caused by Hurricane María under the Federal Arbitration Act pursuant to this Court's diversity jurisdiction. *Id*. The Court also awarded

---

[1] Puerto Rico's Act No. 242-2018 amended Articles 11.150 and 11.190 of the Puerto Rico Insurance Code, P.R. Laws Ann. t. 26, §§ 1115, 1119, to provide for the mandatory inclusion of appraisal clauses in all personal or commercial property insurance contracts and to establish the appraisal process. *See* Act No. 242-2018, §§ 2 and 3 (certified English translation of Act No. 242- 2018 at **ECF No. 31-1**).

petitioner a total of $147,412.28 in reasonable attorney's fees pursuant to Article 27.165 of Puerto Rico's Act No. 247-2018, P.R. Laws Ann. t. 26, § 2716e.

On April 7, 2025, Cooperativa de Seguros Múltiples de Puerto Rico ("respondent") filed a motion for relief of judgment pursuant to Fed. R. Civ. P. 60(b)(4).[2] **ECF No. 40**. On April 22, 2015, petitioner filed a motion to amend or alter judgment pursuant to Fed. R. Civ. P. 59(e). **ECF No. 45**. Respondent opposed and petitioner replied. **ECF Nos. 50, 60.**

## II.    Legal Standard

The Federal Rules of Civil Procedure do not specifically recognize a "reconsideration" mechanism. Instead, parties usually resort to either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). "[A] motion for reconsideration should be granted if the court 'has patently misunderstood a party … or has made an error not of reasoning but [of] apprehension.'" *Ruiz-Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008) (quoting *Sandoval-Díaz v. Sandoval-Orozco*, 2005 WL 1501672, at *2 (D.P.R. June 24, 2005)). Moreover, it must "either clearly establish a manifest error of law or … present newly discovered evidence." *Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15 (1st Cir. 2006); *see also United States v. Peña-Fernández*, 2019 WL 3716472, at *2 (D.P.R. 2019) (requiring a "manifest error of law… newly discovered evidence, or in certain other narrow situations [such as a change in controlling law]." (quoting *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014))).

---

[2] The Court will address this motion in a separate Opinion and Order.

III.    Discussion

Petitioner raises two arguments in his motion to alter or amend judgment. Although petitioner does not contest the award of attorney's fees granted by the Court pursuant to Article 27.165, it moves to "alternatively grant attorney's fees under Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure" in case "the attorney's fees awarded are determined to be unsupported…." *Id.*, at 2. Petitioner also seeks an amended judgment that includes an award of additional default interest pursuant to Article 1159 of the Puerto Rico Civil Code. P.R. Laws Ann. t. 31, § 9311. **ECF No. 45** at 2-4. Specifically, petitioner claims that he is still owed $64,747.83 in default interests accrued from January 27, 2024, through April 1, 2025.[3] **ECF No. 45** at 3-4.

The Court will discuss each argument in turn.

### A.    Petitioner's alternative request for Rule 44.1(d) attorney's fees.

Under Puerto Rico's Rule 44.1(d), a court may impose attorney's fees against a party or its counsel if it finds that said party's conduct during the litigation has been obstinate or frivolous. P.R. Laws Ann. t. 32, app. V, R. 44.1(d); *Coco Rico, LLC v. Universal Ins. Co.*, No. 24-1328, 2025 WL 1719956, at *6-7 (1st Cir. June 20, 2025). While the Court could have, conceivably, found that respondent's seemingly unprompted withdrawal of its opposition to the confirmation of the appraisal award evinced obstinacy,[4] petitioner's post-judgment request for

---

[3] On April 1, 2025, the Court ordered the disbursement of the funds thus far deposited by respondent. *See* **ECF No. 38**.

[4] "Examples of obstinate conduct include denying all liability in answering a complaint, where the defendant later admits liability; raising inapplicable defenses; denying all liability when only the amount of damages sought is

attorney's fees does not persuade the Court to disturb its Judgment. "A motion to alter or amend judgment must either establish a clear error of law or point to newly discovered evidence of sufficient consequence to make a difference." *Ing v. Tufts Univ.*, 81 F.4th 77, 85 (1st Cir. 2023), *cert. denied,* 144 S. Ct. 2530 (2024) (quoting *Theidon v. Harvard Univ.*, 948 F.3d 477, 508 (1st Cir. 2020)). Petitioner does not present any new, previously unavailable evidence of respondent's obstinacy, and neither does he argue that the Court erred in granting attorney's fees pursuant to Article 27.165 or in its calculation of them. **ECF No. 45**. To the contrary, petitioner agrees that this Court's Opinion and Order and Judgment were issued "correctly." **ECF No. 45** at 1; *see* **ECF No. 48** at 2 ("Mr. Tolbert agrees with this Court's interpretation and application of Article 27.165 of the Insurance Code of Puerto Rico to support its conclusion that Petitioner is entitled to attorney's fees in this case.").

Accordingly, the Court need not and will not entertain petitioner's "alternative"[5] ground for an award of attorney's fees via Fed. R. Civ. P. 59(e), which, by definition, should be "granted sparingly." *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d at 930. Thus, petitioner's request to amend judgment to include attorney's fees under Rule 44.1(d) of Puerto Rico's Rules of Civil Procedure is **DENIED**.

---

contested; and denying a fact, knowing it is true." *Coco Rico, LLC v. Universal Ins. Co.*, 2025 WL 1719956, at *7 (citations modified).

[5] Given the fact that PRRCP 44 and Article 27.165 have different objectives, the Court would not call the former an "alternative" to the latter. *See* **ECF No. 37**.

### B.  Petitioner's request for additional default interests.

Petitioner contends that this Court should alter or amend the Judgment to include an additional award of default interest to account for the total accrued up until the funds were readily available for disbursement. **ECF No. 45** at 2-4.[6] Respondent opposes based on the purported application of the doctrine of "mitigation of damages," which, it argues, forecloses petitioner's request for any additional default interest. **ECF No. 50** at 3. By failing to withdraw the deposited funds earlier, respondent suggests "petitioner failed to mitigate damages for further default interest…." *Id.*, at 4. But notably, respondent does not challenge petitioner's right to default interests in these proceedings, the legal authority providing for such interests, or petitioner's calculations thereof. Nor does it challenge this Court's finding that respondent's deposit of the appraisal award failed to extinguish its obligation to petitioner. In fact, respondent already admitted that an award of default interest was appropriate and deposited a portion thereof with the Court. *See* **ECF No. 15.**

The Court disagrees with respondent's argument for several reasons. First, although not clearly spelled out, petitioner challenges respondent's somewhat odd framing of the issue as a question of mitigation. To wit, petitioner noted that respondent did not cite any on-point support for applying the mitigation doctrine as a defense to a request for default interest. **ECF No. 60** at 2. Generally, as respondent concedes, this doctrine is raised to "reduce the amount of damages

---

[6] As explained before, petitioner seeks $64,747.83 in default interests accrued from January 27, 2024, through April 1, 2025.

recoverable in a lawsuit." **ECF No. 50** at 2. Respondent does not explain or much less provide any legal authority holding that the mitigation doctrine applies against default interests as opposed to damages. Regardless, even if it applied, "only those who are able to mitigate must do so." *Noble v. Corporación Insular de Seguros*, 738 F.2d 51, 54 (1st Cir. 1984). And, as discussed below, petitioner was not able to "mitigate damages" as respondent claims he should have.

Respondent's argument faulting petitioner for not withdrawing the deposited funds earlier is misguided. Petitioner was not entitled to and could not withdraw the funds until April 1, 2025. Indeed, those funds were out of the reach of petitioner until the Court entered its Opinion and Order, the Order granting disbursement, and the Judgment. *See* **ECF Nos. 37-39**. As per 28 U.S.C. § 2042, "[n]o money deposited under section 2041 of this title shall be withdrawn except by order of court." *See also* Fed. R. Civ. P. 67(b) ("Money paid into court . . . must be . . . withdrawn in accordance with 28 U.S.C. §§ 2401 and 2402 and any like statute."); L. Civ. R. 67 ("No disbursements will be made from the funds in the court registry or invested by the clerk pursuant to Fed. R. Civ. P. 67, except by order of the Court.").

In any event, petitioner did not fail to "mitigate damages" here.[7] Petitioner has asked for default interest since the inception of the case. *See* **ECF No. 1** at 7. In fact, in his motion to confirm the appraisal award, petitioner asked for the default interests to be "calculated from the date the

---

[7] Respondent's argument that petitioner failed to mitigate damages is strained at best and disingenuous at worst. Instead of paying petitioner for his property damages, respondent decided to keep the insurance proceeds out of petitioner's reach by forcing litigation and depositing them with this Court seven years after petitioner filed his Hurricane María insurance claim. *See* **ECF Nos. 5** and **15.**

Award was rendered… *until payment in full is received by Tolbert….*" *Id*. (Emphasis added). Respondent, on the other hand, does not point to any filing in the record where it objected to petitioner's request for default interests. Furthermore, since February 9, 2024, respondent has "conceded the payment of post award interest" and "only opposed the request a motion [sic] for attorney's fees. . . ." **ECF No. 50** at 2. And not only has petitioner asked for default interest since the inception of this proceeding, but he was also proactive in seeking the withdrawal of the deposited funds throughout. The record reflects that petitioner moved for the withdrawal of the award plus interest only days after respondent made each deposit. *See* **ECF Nos. 9** and **22**. Petitioner even filed an "emergency" motion seeking to withdraw the deposited funds before this Court entered its decision on the merits. **ECF No. 36**. This is hardly the behavior of a "non-mitigating party."

Because respondent has conceded that petitioner is entitled to default interest pursuant to P.R. Laws Ann. t. 31, § 9311, and has failed to show (or claim) that it was not in default at the time the Court ordered the disbursement of the funds, the Court is bound by Puerto Rico law to **GRANT** petitioner's request and amend its April 1, 2025 Judgment to include an additional award of default interest.

**IV. Conclusion**

For the reasons stated above, the Court **GRANTS IN PART, DENIES IN PART** the motion to alter or amend judgment at **ECF No. 45.** The Clerk shall enter an Amended Judgment

to include an additional award of default interest for the period between January 27, 2024 and April 1, 2025, in the amount of $64,747.83.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 9th day of July 2025.

                                                    **S/AIDA M. DELGADO-COLÓN**
                                                    **United States District Judge**